**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

EMILY KENNEDY,

      Plaintiff,                          **COMPLAINT
&
DEMAND FOR JURY TRIAL**

v.

CREDIT CORP. SOLUTIONS INC, and
ROOSEN VARCHETTI & OLIVIER, PLLC,

      Defendants.

---

**COMPLAINT**

NOW COMES Plaintiff Emily Kennedy, represented by her attorneys, Sean R. O'Mara of the O'Mara Law Firm, PC and David S. Parnell of The Parnell Law Firm PLLC states:

**INTRODUCTION**

1. Plaintiff alleges that the Defendants collection practices violate Fair Debt Collection Practices Act, (FDCPA) 15 U.S.C. § 1692 *et seq*, and Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L. § 445.251 *et seq*.

2. Defendant Credit Corp. Solutions Inc., through its agent Roosen, Varchetti, & Oliver, PLLC (hereinafter "Defendant") filed suit against Plaintiff Emily Kennedy in 33rd District court, in Woodhaven, MI attempting to collect a consumer debt allegedly arising from a purported obligation to "GE Bank." The obligation ("Debt") required Plaintiff to pay money arising out of transactions in which money, property, insurance or services were the subject thereof and the same were primarily for personal, family, or household purposes. Specifically, the alleged debt arose from an account with GE Bank, which would have been used by the Plaintiff for non-

business purposes. After initiating suit in 33rd District Court, Defendant Roosen then sought to collect an inflated amount.

3. Under the FDCPA, a "debt collector" is any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose for which is the collection of any debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. 15 U.S.C. § 1692a(6). The defendants here are debt collector seeking payment on a debt that was in default when obtained for collection. *Schlosser v Fairbanks Capital Corp.*, 323 F.3d 535, 536 (7th Cir. 2003). Defendant here is a debt collector.

4. The FDCPA regulates the behavior of debt collectors. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy. Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors.

5. The FDCPA is a strict liability statute, which provides for actual and statutory damages upon the showing of a violation. The Sixth Circuit has held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 329 (6th Cir. 2006). This standard ensures "that the FDCPA protects all consumers, the gullible as well as the shrewd." *Kistner v. Law Offices of Michael P. Margelefsky, LLC*, 518 F.3d 433, 438 (6th Cir. 2008).

6. The RCPA, like the FDCPA, prohibits debt collectors form using deceptive, coercive, threatening, abusive, and other repugnant practices for the purpose of collecting a consumer debt. "The RCPA mirrors the requirements and remedies of the FDCPA with the same 6th Circuit use

of the "least sophisticated consumer" standard of *Kistner*, 518 F.3d at 441. *McKeown v. Mary Jane M. Elliot P.C.* No. 07-12016-BC, 2007 WL 4326825, at *5 (E.D.Mich. Dec. 10, 2007) (citing *Hubbard v. Nat'l Bond and Collection Assocs., Inc.*, 126 B.R. 422, 426 (D.Del. 1991).

## JURISDICTION AND VENUE

7. This court has federal question jurisdiction under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331 and 1337. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the federal law claims.

8. Credit Corp. Solutions Inc. is a Delaware corporation, and is a "debt collector" as that term is defined by 15 U.S.C. 1692 in that it uses instrumentality of interstate commerce or the mails for its business debt collection and its primary business purpose is debt collection. Credit Corp. Solutions Inc transacts its debt collection business throughout the State of Michigan and in the Eastern District of Michigan by sending thousands of collection letters and lawsuits to Michigan Consumers.

9. Defendant, Roosen, Varchetti & Oliver PLLC, is a debt collector in that it regularly collects debts due to another and conducts business in Michigan and its principle place of business is within the jurisdiction and venue of the Eastern District of Michigan. Venue is proper pursuant 28 U.S.C. 1391(b)(2).

10. The transactions and occurrences which give rise to this action occurred in Wayne and Washtenaw Counties, Michigan.

## PARTIES

11. Plaintiff, Emily Kennedy, is a resident of the State of Michigan, residing in Ypsilanti, Michigan and is a consumer as defined by 15 U.S.C. § 1692(a)(3).

12. Credit Corp. Solutions Inc is a "debt collector" as that term is defined by 15 U.S.C. 1692 in that it uses instrumentality of interstate commerce or the mails for its business debt collection and its primary business purpose is debt collection.

13. Credit Corp. Solutions Inc transacts its debt collection business throughout the State of Michigan and in the Eastern District of Michigan by sending thousands of collection letters and lawsuits to Michigan Consumers.

14. Roosen, Varchetti & Oliver PLLC is a debt collector as defined 15 U.S.C. § 1692(a)(6) and regularly attempts to collect defaulted debts in the ordinary course of its business using instrumentalities of interstate commerce to effectuate its collection business.

15. Roosen, Varchetti & Oliver PLLC regularly uses the state courts of Michigan to sue consumers and obtain judgements in the ordinary course of its business of collecting debts.

16. At all times relevant to this complaint, Defendant engaged in the business of using the mails and telephone to collect consumer debts originally owed to others under the FDCPA.

## FACTUAL ALLEGATIONS

17. Plaintiff incurred a financial obligation (the "Debt" or "account") to GE Capital Bank, (the "Creditor") specifically a credit card, which she used to purchase consumer goods primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

18. Based upon information and belief Credit Corp. Solutions claims to have purchased the Debt.

19. Credit Corp. Solutions added illegal fees and costs to the debt owed from Kennedy.

20. Credit Corp attempted to collect the debt from Kennedy.

21. The Defendants in this case artificially inflated amount due as a deceptive practice in violation of § 1692e, § 1692e(10), § 1692e(5), § 1692e(2)(A), § 1692f, § 1692f(1).

22. On or about June 15, 2016 the Defendants violated 15 U.S.C 1692i by filing a collection lawsuit in the 33rd District Court located at 1900 Van Horn Rd., located in Woodhaven , MI knowing that Ms Kennedy resided in Ypsilanti MI, not within the jurisdiction of the district court for Woodhaven, MI. (*See attached* **Exhibit 1**. "Proof of Service filed by Defendants in 33rd District Court").

23. Defendant knew Plaintiff did not reside in Ypsilanti when it to served Ms Kennedy at her residence in Ypsilanti , MI. *Id*.

24. As to the parties and the debt, the 33rd District Court of Michigan is not the Plaintiff's 15 U.S.C. § 1692i "district." The Plaintiff was not a resident of Wayne County or the jurisdiction of the 33rd district court at the time the State Court Collections Case was filed. Moreover, the Plaintiff has not signed any contract with GE Bank within the jurisdiction of the 33rd district court of Michigan.

25. The relevant "judicial district or similar legal entity" is the smallest geographic unit relevant for venue purposes in the court system in which the case was filed, regardless of the source of the venue rules. *Suesz v. Med-1 Solutions, LLC,* 757 F.3d 636, 638 (7th Cir. 2014); *Hess v. Cohen & Slamowitz LLP,* 637 F.3d 117, 123-24 (2nd Cir. 2011). Venue must be laid in the state judicial unit that has jurisdiction over the claim, if that unit is smaller than a county. *Nichols v. Byrd,* 435 F.Supp.2d 1101 (D.Nev. 2006).

26. Defendants filed its collection lawsuit in the 33rd district court located in Woodhaven, MI, attempting to collect on a defaulted consumer debt. Defendants business is predicated upon filing collection lawsuits throughout the State of Michigan.

27. On October 1, 2016 Defendants hired a process server and personally served Plaintiff at her residence 6239 Whittaker Road, Ypsilanti, MI, requiring her to defend this action in an improper forum located approximately 40 miles from her residence and in a different county than the one she resided in.

28. At the time Plaintiff was served, Defendants had full knowledge that Plaintiff resided at 6239 Whittaker Road, Ypsilanti, MI and that the proper venue for the collection action was the 14b district court located in Ypsilanti Township, Washtenaw County, MI not the 33rd district court located in Woodhaven, Wayne County, MI.

29. With complete disregard Defendants chose to continue their collection lawsuit in the 33rd district court knowing full well that Plaintiff did not reside within the jurisdiction of the 33rd district court.

30. A motion to transfer venue was filed, argued, and granted in the State Court Collections Case, transferring venue to the court of proper jurisdiction in Ypsilanti, Michigan. Plaintiff incurred attorney's fees in preparation, filing, and appearance for hearing of the motion to transfer venue, caused by Defendants filing in an improper district.

31. The foregoing acts and omissions of the Defendants were undertaken by either them willfully, intentionally, knowingly, and/or in gross disregard for the rights of the Plaintiff.

32. The foregoing acts and omissions of the Defendants were undertaken indiscriminately and persistently, as part of their regular and routine collection efforts, and without regard or consideration of the rights of the Plaintiff.

33. On September 23, 2016, after Plaintiff received the collection lawsuit via <u>certified mail</u> at her residence in Ypsilanti, Plaintiff then contacted Defendant Roosen Varchetti Olivier, by phone

and was told the amount owed was **$1,566.43**, however, the amount sued upon by Defendants was **$1,491.43**. On that phone call, the Plaintiff confirmed her residence in Ypsilanti, Michigan.

34. Defendants act of inexplicably artificially inflating the amount due in their attempts to collect a debt is a false, deceptive, and misleading communication seeking to collect an amount not expressly authorized by law in violation of 15 U.S.C. § 1692f(1).

35. Defendant Roosen, Varchetti, & Oliver PLLC have a routine policy of tagging on unawarded costs and fees after Defendant Credit Corp Solution accounts are placed with Roosen's office. Failing to itemize unearned Court Costs is false and misleading, deceptive, and unfair debt collection practice. *Fields v. Wilber Law Firm PC,* 383 F.3d 562 (7th Cir. 2004). Adding unawarded costs and other unverified fees represented exactly the kind of unfair debt collection practice prohibited by law.

36. On October 1, 2016, Defendants' agent, Joseph Hay, then <u>personally served</u> the Plaintiff at her residence in Ypsilanti on October 1, 2016.

## **COUNT I:**
## **VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

37. Plaintiff incorporates by reference all paragraphs of this Complaint as though fully stated herein.

38. The Defendants' violations of the FDCPA include, but are not limited to the following:

   a. In violation of 15 U.S.C. § 1692d, the Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt, which conduct included filing suit in violation 15 U.S.C. § 1692(2)(A) and § 1692(10) by seeking to collect an costs and/or fees unassessed.

b. In violation of 15 U.S.C. § 1692e(2)(a), 15 U.S.C. § 1692e(10) and the "least sophisticated consumer standard," the Defendants used objectively false representations and/or false, deceptive, or misleading representations or means in connection with the collection of a consumer debt.

c. Using an unfair or unconscionable means to collect or attempt to collect any debt in violation of 15 U.S.C. § 1692e(4) and 15 U.S.C. § 1692f.

d. In violation of 15 U.S.C. § (e)(5) and the "least sophisticated consumer" standard, the Defendants threatened to take an action (and actually took such an action) which cannot legally be taken.

e. Using false representations and/or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer in violation of 15 U.S.C. § 1692e(10).

f. In violation of 15 U.S.C. § 1692f, the Defendants used unfair or unconscionable means to collect or attempt to collect a consumer debt, which conduct included filing suit in an improper jurisdiction.

g. In violation of 15 U.S.C. § 1692f(1), the Defendants sought to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement or permitted by law.

h. In violation of 15 U.S.C. § 1692i, the Defendants filed the State Court Collections case in 33rd Michigan, which is a judicial district other than the one in which the Consumer signed a contract sued upon, or in which the Consumer resided at the commencement of the action.

39. Defendants violated the FDCPA by attempting to collect an inflated amount not permitted by law, and by falsely representing the character, amount, or legal status of a debt by inflating the amount claimed owed.

40. Furthermore, Defendants violated 15 U.S.C 1692i by filing its collection lawsuit in the 33rd District Court all the while knowing that Ms. Kennedy resided in Ypsilanti MI. (*See attached* **Exhibit 1**. "Proof of Service filed by Defendants in 33rd District Court").

41. Pursuant to 15 U.S.C 1692i defendants were obligated to file the collection lawsuit in the jurisdiction where plaintiff resided, Ypsilanti , MI.

42. While Defendant had knowledge that the Plaintiff resided in Ypsilanti, Washtenaw County MI, it specifically chose to serve Plaintiff at his residence located in Ypsilanti , MI forcing her to defend the collection action in an improper and inconvenient venue in violation of 15 U.S.C. § 1692i.

43. Upon information and belief, Defendants engage in and continues to engage in a pattern of deceptive practices contrary to 15 U.S.C. § 1692e(10) by using false representations and deceptive means by filing suit against consumers in inconvenient and improper venues in a willful attempt to gain a strategic advantage over consumers in an effort to strong arm Michigan consumers into paying debts they collect on.

44. Defendants' actions constitute a willful violation of the FDCPA.

45. Plaintiff suffered a concrete informational injury as a result of Defendants actions and violations of the FDCPA.

46. The Plaintiff suffered actual injury by being forced to hire an attorney to defend her from an illegal collections action in an improper jurisdiction.

WHEREFORE, Plaintiff seeks a judgment against Defendants for:

a) Statutory and Actual Damages for Plaintiff pursuant to 15 U.S.C. 1692k(a)(2)(A) and (B);

b) Costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692k(a) with a judicial review; and

c) Such further relief as the court deems just and proper.

## COUNT II:
## VIOLATION OF THE MICHIGAN
## REGULATION OF COLLECTION PRACTICES ACT MCL § 445.252

36. Plaintiff incorporates the preceding allegations by reference.

37. Credit Corp. Solutions Inc is a "Regulated Person" as that term is defined in the Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L.A. § 445.251.

38. Roosen, Varchetti & Oliver PLLC is a "Regulated Person" as that term is defined in the Michigan Regulation of Collection Practices Act ("RCPA"), M.C.L.A. § 445.251.

39. Ms Kennedy is a "Consumer" as that term is defined in M.C.L.A. § 445.251.

40. Credit Corp. Solutions Inc by and through its agents at Roosen, Varchetti & Oliver PLLC acts in attempting to collect the alleged debt violated M.C.L.A. § 445.252(e)&(f)(i),(ii).

41. Credit Corp. Solutions Inc by and through its agents at Roosen, Varchetti & Oliver PLLC intentionally inflated the amount claimed owed when Plaintiff called them on or about September 23, 2016 stating that the amount owed was $**1,566.43**, inexplicably inflating the amount due by $75.00.

42. Defendants violated the RCPA. Defendants' violations of the RCPA include, but are not limited to, the following:

   a. Defendants violated MCLA 445.252(e) by making an inaccurate, misleading, untrue or deceptive statement or claim in communication to collect a debt as mentioned above;

    b. Defendants violated MCLA 445.252(f) by misrepresenting in a communication with a debtor any of the following:

        i. The legal status of a legal action being taken or threatened.

        ii. The legal rights of the creditor of debtor.

    c. Defendants violated MCLA 445.252(q) by failing to implement a procedure designed to prevent a violation by an employee stating the inflated balance is owed, it is in fact a policy to inflate the claimed amount owed.

    d. Defendants here has violated MCLA 445.252(a) by communicating with a debtor in a misleading or deceptive manner when they inflated the balance.

43. Plaintiff has suffered damages as a result of these violations of the RCPA.

44. Credit Corp. Solutions Inc and Roosen, Varchetti & Oliver PLLC's violations of the RCPA were willful.

45. Plaintiff seeks actual and statutory damages, attorney fees, costs, and equitable relief to prevent the course of conduct from continuing into the future.

WHEREFORE, Plaintiff seeks judgment against the Defendants for:

    a) Statutory damages in the amount of $50.00, trebled to $150.00 for a willful violation, pursuant to M.C.L. 445.257(2);

    b) Equitable, declaratory and injunctive relief pursuant to M.C.L. 445.257(1), including but not limited to, a declaration that Defendants' debt collection practices violated the RCPA; and

    c) Reasonable attorney's fees and court costs pursuant to M.C.L. 445.257(2) with judicial sanction.

d) An award providing for all proper relief, including equitable relief, to prevent defendants from continuing its deceptive and deceitful practices against consumers.

## JURY DEMAND

Plaintiff requests a jury trial for those claims triable by jury.

Dated: February 28, 2017

Respectfully Submitted,

/s/ Sean R. O'Mara
Sean R. O'Mara (P76140)
O'Mara Law Firm PC
21929 E. Nine Mile Road
Saint Clair Shores, MI 48080
P: (586) 200-6404
Email: omaralawfirmpc@gmail.com